**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., 425 Third Street SW, Suite 800 Washington, DC 20024,     Plaintiff,     v.     U.S. DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue NW Washington, DC 20530,     Defendant. | ) ) ) ) ) )    Case No.: ) ) ) ) ) ) ) ) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.  Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice ("DOJ") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

### *A.      The Criminal Division Request*

5.      On November 10, 2025, Plaintiff submitted a FOIA request to the Department of Justice Criminal Division via email, a component of Defendant, seeking access to the following:

> Records and communications between or among Criminal Division, DOJ, and Norm Eisen (full name: Norman L. Eisen).
>
> These records must reference both (1) the "Arctic Frost" investigation (the FBI's codenamed investigation opened in April 2022 into alleged efforts to overturn the 2020 presidential election results, including fake electors schemes and related election interference activities) and (2) Norm Eisen (full name: Norman L. Eisen).

The time frame for the request was identified as "January 1, 2022, to present."

6.      By email dated January 16, 2026, the Criminal Division acknowledged receiving the request during the October 1, 2025 through November 12, 2025 government shutdown and that the request was under review.  The Criminal Division also advised Plaintiff that the request had been assigned case number CRM-302386985.

7.      By letter dated January 21, 2026, the Criminal Division acknowledged receipt of Plaintiff's request on November 11, 2025, and further stated that it "decided to neither confirm nor deny the existence of such records pursuant to Exemption 6 and 7(C) of the FOIA."

8.      By letter dated January 29, 2026, Plaintiff administratively appealed the Criminal Division's determination.

9.      By letter dated January 30, 2026, Defendant acknowledged receipt of Plaintiff's administrative appeal on January 29, 2026.  Defendant also advised Plaintiff that the appeal had been assigned number A-2026-00604.

10.      Plaintiff has received no further response from Defendant regarding the request or administrative appeal.

*B.      The Office of Information Policy Request*

11.      On November 10, 2025, Plaintiff submitted a FOIA request to the Office of Information Policy ("OIP"), another component of Defendant, seeking access to the following:

> Records and communications between or among the following individuals or their staff/designees and Norm Eisen (full name: Norman L. Eisen).
>
> - Office of Merrick Garland, Attorney General of the United States;
> - Office of Lisa Monaco, Deputy Attorney General of the United States;
> - The Office of Special Counsel (OSC), including former Special Counsel Jack Smith and his staff.
>
> These records must reference both (1) the "Arctic Frost" investigation (the FBI's codenamed investigation opened in April 2022 into alleged efforts to overturn the 2020 presidential election results, including fake electors schemes and related election interference activities) and (2) Norm Eisen (full name: Norman L. Eisen).

The time frame for the request was identified as "January 1, 2022, to present."

12.      By letter dated December 17, 2025, OIP acknowledged receipt of Plaintiff's request on November 10, 2025, and advised Plaintiff that the request had been assigned tracking number FOIA-2026-00316.  OIP also informed Plaintiff that it had invoked FOIA's 10-day extension of time provision for "unusual circumstances."

13.      Plaintiff has received no further response from OIP regarding the request.

14.     As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

15.     Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16.     Defendant is in violation of FOIA.

17.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

18.     Plaintiff has no adequate remedy at law.

19.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make final determinations on Plaintiff's administrative appeal to the Criminal Division by February 27, 2026 and Plaintiff's request to the OIP by December 29, 2025 at the latest, due to the October 1, 2025 through November 23, 2025 government shut down.  Because Defendant failed to issue final determinations within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records

4

responsive to Plaintiff's requests and a *Vaughn* index of any responsive records withheld under

claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt

records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other

litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5)

grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 3, 2026                                    Respectfully submitted,

                                                         */s/ Christina Bobb*
                                                         Christina Bobb
                                                         D.C. Bar No. 90021326
                                                         JUDICIAL WATCH, INC.
                                                         425 Third Street SW, Suite 800
                                                         Washington, DC 20024
                                                         Tel:    (202) 646-5172
                                                         Email: cbobb@judicialwatch.org

                                                         *Counsel for Plaintiff*